UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**GREGORY MICHAEL WILLIAMS,**

       **Plaintiff,**                  **CIVIL ACTION NO. 13-cv-13211**

       **v.**                             **DISTRICT JUDGE DENISE PAGE HOOD**

**COMMISSIONER OF**           **MAGISTRATE JUDGE MONA K. MAJZOUB**
**SOCIAL SECURITY,**

       **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

Plaintiff Gregory Williams seeks judicial review of Defendant Commissioner of Social Security's determination that he is not entitled to social security benefits for his physical and mental impairments under 42 U.S.C. § 405(g).  (Docket no. 1.)  Before the Court are Plaintiff's Motion for Summary Judgment (docket no. 8) and Defendant's Motion for Summary Judgment (docket no. 10). The motions have been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C).  (Docket no. 2.)  The undersigned has reviewed the pleadings, dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), and issues this Report and Recommendation.

**I.**       **RECOMMENDATION**

This Court recommends that Plaintiff's Motion for Summary Judgment (docket no. 8) be DENIED and that Defendant's Motion for Summary Judgment (docket no. 10) be GRANTED.

## II.   PROCEDURAL HISTORY

Plaintiff filed an application for Disability Insurance Benefits with a protective filing date of November 23, 2010, alleging disability beginning March 1, 2010, due to cardiac arrhythmias status-post pacemaker implant, anxiety, and depression as well as gastroesophageal reflux disease and hypertension.  (*See* TR 17, 19.)  The Social Security Administration denied Plaintiff's claim on February 10, 2011, and Plaintiff requested a *de novo* hearing, which was held on January 5, 2012, before Administrative Law Judge (ALJ) Craig R. Petersen, who subsequently found that Plaintiff was not entitled to benefits because he was capable of performing a significant number of jobs in the national economy.  (TR 17-27.)  The Appeals Council declined to review the ALJ's decision (TR 1-3), and Plaintiff commenced this action for judicial review.  The parties then filed cross motions for summary judgment, which are currently pending before the Court.

## III.   PLAINTIFF'S TESTIMONY, MEDICAL EVIDENCE, AND THE VOCATIONAL EXPERT'S TESTIMONY

### A.   Plaintiff's Testimony and the Medical Evidence of Record

In his brief, Plaintiff sets forth a short procedural history of this matter, discusses the ALJ's basis for denying his benefits, and sets out the ALJ's RFC Determination.  (Docket no. 8 at 5.)  Additionally, after setting forth the relevant law in this matter, Plaintiff restates the ALJ's findings, summarizes his testimony, and makes some fleeting references to his medical records.  (Docket no. 9 at 10-11.)  Defendant states that "[t]he ALJ adequately presented Plaintiff's testimony and the medical evidence in this case."  (Docket no. 10 at 5.)  The undersigned has conducted an independent review of the hearing transcript and Plaintiff's medical record, but for the reasons discussed *infra*, it is unnecessary to summarize them herein.  Therefore, Plaintiff's medical record and testimony as set forth in the ALJ's decision (TR 22-25) and Plaintiff's brief (Docket no. 8 at 10-

11) are adopted; the undersigned will incorporate comments and citations as necessary throughout this Report and Recommendation.

### B. Vocational Expert's Testimony

The ALJ asked the Vocational Expert (VE) whether a hypothetical person of the same age, education, and work experience as Plaintiff with the following additional limitations:

> [The individual] can lift and carry up to 50 pounds occasionally, 25 pounds frequently, can push and pull up to 25 pounds occasionally, stand or walk up to six hours out of an eight-hour workday, sit up to six hours out of an eight-hour workday with normal breaks, can frequently stair and ramp climb but not ropes, ladders, or scaffolds. Must avoid concentrated exposure to heat, humidity, cold, gases and fumes. They much (sic) avoid unprotected heights and dangerous machinery. There could be no complex verbal instructions and no written instructions. Work would be limited to simple, routine and repetitive tasks, the work would involve simple work related decisions with few if any work place changes and there would be occasional interaction with coworkers, supervision and the public.

(TR 56.) The VE testified that such an individual could perform Plaintiff's past relevant work as a prep cook or an assembler. (TR 56.)

The ALJ then asked the VE to assume that the same hypothetical individual was limited in exertion to "20 pounds occasionally, 10 pounds frequently." (TR 57.) The VE testified that such an individual could not perform any of Plaintiff's past relevant work but could perform light, unskilled work as, for example, a food preparation worker, an assembler, or an inspector, for which there were, respectively, 5,800, 19,000, and 5,800 jobs in the state and 167,000, 431,000, and 125,000 jobs nationally. (TR 57.)

The ALJ then asked the VE to consider whether there would be any work for a the hypothetical individual if he were limited to lifting 10 pounds occasionally. (TR 57.) The VE testified that such an individual could perform sedentary, unskilled work as an assembler, an inspector, or a packer, for which there are, respectively, 1,700, 600, and 2,100 jobs in the state and

40,000, 13,000, and 68,00 jobs nationally. (TR 57.)

Lastly, the ALJ asked the VE whether there would be any work for the same individual if he were also "off task 25 percent or more of any work day and they would miss three or more days per month due to ongoing physical and/or mental impairments." (TR 57.) The VE responded that there would be no jobs for such a person. (TR 58.)

## IV.  ADMINISTRATIVE LAW JUDGE'S DETERMINATION

The ALJ found that Plaintiff met the insured status requirements of the Social Security Act through June 30, 2010, and that he had not engaged in substantial gainful activity from his alleged onset date of March 1, 2010, through his date last insured. (TR 19.) The ALJ then found that Plaintiff suffered from the following severe impairments: "cardiac arrhythmias status-post pacemaker implant, anxiety, and depression." (TR 19.) The ALJ also found, however, that Plaintiff's gastroesophageal reflux disease and history of hypertension were non-severe and that his impairments did not meet or medically equal the severity of an impairment listed in 20 C.F.R. Subpart 404, Subpart P, Appendix 1. (TR 19-21.) The ALJ then determined that Plaintiff had the following residual functional capacity (RFC):

> [C]laimant has the residual functional capacity to perform light work . . . except he can occasional (sic) lift 20 pounds and frequently lift 10 pounds. He can occasionally push and/or pull up to 25 pounds, stand and/or walk up to 6 hours of an 8-hour workday, and sit up to 6 hours of an 8-hour workday. The claimant is able ot frequently stair and/or ramp climb, but not ladders, ropes, or scaffolds. He should avoid concentrated exposure to heat, humidity, cold, gases, fumes, and unprotected heights and dangerous machinery. There should be no complex verbal instructions and no written instructions. His work should be limited to simple, routine and repetitive tasks and work involving simple, work related decision with few, if any, work place changes. He can occasionally interact with co-workers, supervisors and the public.

(TR 21-25.) Subsequently, in reliance on the VE's testimony, the ALJ found that Plaintiff could not perform any of his past relevant work but that he could perform a significant number of jobs in the

national economy. (TR 26-27.) Therefore, the ALJ found that Plaintiff was not disabled under the Social Security Act at any time from March 1, 2010 through June 30, 2010, his date last insured. (TR 27.)

## V. LAW AND ANALYSIS

### A. Standard of Review

Pursuant to 42 U.S.C. § 405(g), this Court has jurisdiction to review the Commissioner's final decisions. Judicial review of the Commissioner's decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Walters v. Comm'r*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is more than a scintilla but less than a preponderance; it is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Walters*, 127 F.3d at 528. It is not the function of this Court to try cases *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. *See Kirk v. Sec'y of Health and Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *See Her v. Comm'r*, 203 F.3d 388, 389-90 (6th Cir. 1999); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (noting that the substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can

go either way, without interference by the courts").

### B. Framework for Social Security Determinations

Plaintiff's Social Security disability determination was made in accordance with a five-step sequential analysis. In the first four steps, Plaintiff was required to show that:

(1) Plaintiff was not presently engaged in substantial gainful employment; and

(2) Plaintiff suffered from a severe impairment; and

(3) the impairment met or was medically equal to a "listed impairment;" or

(4) Plaintiff did not have the residual functional capacity (RFC) to perform relevant past work.

*See* 20 C.F.R. § 404.1520(a)-(f). If Plaintiff's impairments prevented Plaintiff from doing past work, the Commissioner, at step five, would consider Plaintiff's RFC, age, education, and past work experience to determine if Plaintiff could perform other work. If not, Plaintiff would be deemed disabled. *See id.* at § 404.1520(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her*, 203 F.3d at 391. To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [the claimant] has the vocational qualifications to perform specific jobs." *Varley v. Sec'y of Health and Human Servs.,* 820 F.2d 777, 779 (6th Cir. 1987). This "substantial evidence" may be in the form of vocational expert testimony in response to a hypothetical question, "but only 'if the question accurately portrays [the claimant's] individual physical and mental impairments.'" *Id.* (citations omitted).

### C. Analysis

The Social Security Act authorizes "two types of remand: (1) a post judgment remand in conjunction with a decision affirming, modifying, or reversing a decision of the [Commissioner] (a

sentence-four remand); and (2) a pre-judgment remand for consideration of new and material evidence that for good cause was not previously presented to the [Commissioner] (a sentence-six remand)." *Faucher v. Sec'y of Health and Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994) (citing 42 U.S.C. § 405(g)). Under a sentence-four remand, the Court has the authority to "enter upon the pleadings and transcript of the record, a judgment affirming, denying, or reversing the decision of the [Commissioner], with or without remanding the cause for a hearing. 42 U.S.C. § 405(g). Where there is insufficient support for the ALJ's findings, "the appropriate remedy is reversal and a sentence-four remand for further consideration." *Morgan v. Astrue*, 10-207, 2011 WL 2292305, at *8 (E.D.Ky. June 8, 2011) (citing *Faucher*, 17 F.3d at 174). Plaintiff argues that this matter should be reversed or remanded under sentence four because "[t]he Commissioner erred as a matter of law in assessing [Plaintiff's] credibility and by failing to properly evaluate the medical records of evidence and, thereby, forming an inaccurate hypothetical that did not accurately portray [Plaintiff's] impairments." (Docket no. 8 at 6.)

### 1. *Plaintiff's Hypothetical Question Argument*

To the extent Plaintiff argues that the ALJ erred in the formulation of the hypothetical questions presented to the VE, the ALJ is only required to incorporate in his hypothetical questions those limitations that he finds credible and supported by the record. *See Casey v. Sec'y of Health and Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993). Here, the ALJ's hypothetical questions presented all of the limitations included in Plaintiff's RFC–that is, all of the limitations that the ALJ found credible. The VE testified that there are jobs available for a person with these limitations. Thus, the ALJ's hypothetical questions were not improper, and in substance, Plaintiff's motion asserts that the ALJ erred in determining Plaintiff's RFC when he failed to properly assess Plaintiff's credibility and evaluate the medical opinions.

Plaintiff's argument fails as his entire discussion of this matter is limited to several pages of legal standards and a few vague references to his testimony and medical records. (*See* docket no. 8.) Plaintiff does not discuss why he believes the ALJ erred, what medical records or opinions or evidence the ALJ failed to properly consider, or what additional impairments the ALJ allegedly failed to include in his hypothetical questions to the VE. As the Court addressed in a similar matter wherein Plaintiff's counsel filed a substantially similar brief on this issue, any additional analysis "is an exercise left to the reader; . . . Plaintiff's summary judgment brief lack[s] any survey, much less meaningful discussion, of the medical record, and Plaintiff likewise fail[s] to provide any factual basis for his challenge to the ALJ's [decision]." *Fielder v. Comm'r of Soc. Sec.*, No. 13-10325, 2014 WL 1207865, *1 (E.D. Mich. Mar. 24, 2014) (Rosen, J.). Thus, Plaintiff's Motion should be denied with regard to this issue.

### 2. Plaintiff's Credibility Argument

"[A]n ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility." *Walters v. Comm'r*, 127 F.3d 525, 531 (6th Cir. 1997). But credibility assessments are not insulated from judicial review. Despite the deference that is due, such a determination must nevertheless be supported by substantial evidence. *Id.* An ALJ's credibility determination must contain "specific reasons . . . supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96–7p. "It is not sufficient to make a conclusory statement that 'the individual's allegations have been considered' or that 'the allegations are (or are not) credible.'" *Id.* "[T]he adjudicator may find all, only some, or none of an individual's allegations to be credible" and may also find the statements credible to a certain

degree. *Id.*

Further, to the extent that the ALJ found that Plaintiff's statements are not substantiated by the objective medical evidence in the record, the Regulations explicitly provide that "we will not reject your statements about the intensity and persistence of your pain or other symptoms or about the effect your symptoms have on your ability to work . . . solely because the available objective medical evidence does not substantiate your statements." 20 C.F.R. § 416.929(c)(2). The ALJ must consider: (1) the claimant's daily activities, (2) the location, duration, frequency, and intensity of the claimant's pain, (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication taken to alleviate pain or other symptoms, (5) treatment, other than medication, for pain relief, (6) any measures used to relieve the pain, and (7) functional limitations and restrictions due to the pain. *See* 20 C.F.R. § 416.929(c)(3); *see also Felisky v. Bowen*, 35 F.3d 1027, 1039-40 (6th Cir. 1994) (applying these factors).

Plaintiff asserts that the ALJ erred when he found that Plaintiff was not credible because "[t]he medical record supports his testimony." (Docket no. 8 at 11.) To support this argument, Plaintiff follows with references to his medical record:

> The medical record dated 6/7/2010 it reveals that he does in fact have a pacemaker implant and that he is still feeling "local, flash pain, occasionally in pacer site." (Tr. 260) Also the ER visit dated 3/5/2010 also reveals that he complained "of chest pain" and "he states that it is a 5 out of 5 in severity, dull, substernal pressure that is nonradiating." (Tr. 284) Also at (Tr. 288) it reveals that "he seems to have some shortness of breath associated with these episodes as well as being quite anxious." (Tr. 288) Also see, (Tr. 309). In the record dated 3/11/2010 it also indicates that "he has been feeling dizzy with these episodes" as well. (Tr. 313) Thus, as can be seen his testimony regarding his severe medical impairments is backed up by medical documentation. For the ALJ to indicate that his testimony was not credible is clearly in error.
>
> The VE testified, in response to the hypothetical the judge decided to follow that the claimant could perform work in food preparation, assembler, and inspector. (Tr. 26)

> However, when the VE was asked the effect of a person being "off task 25 percent or more of any workday and they would miss three or more days per month due to ongoing physical and/or mental impairments" he responded that there would be not jobs. (Tr. 57-58)
>
> Simply said the hypothetical the judge decided to follow was woefully inadequate and did not mirror Tracy Washington in every relevant aspect. The off task and frequent break hypothetical much more adequately represent Ms. Williams in all relevant aspects and should have been followed.[1]

(*Id*. at 11.) Like Plaintiff's hypothetical question argument, *supra*, Plaintiff's credibility argument is devoid of factual detail and legal analysis. Even assuming, *arguendo,* that Plaintiff's medical records are consistent with his complaints, these consistencies are not sufficient to overturn the ALJ's credibility determination, as the evidence also supports the ALJ's findings. In addition to considering Plaintiff's medical records, the ALJ considered the factors set forth in 20 C.F.R. § 416.929(c)(3) and found that Plaintiff's disability allegations were less than credible, noting that with regard to alleged symptoms and appointments on August 18, 2010, December 22, 2010, November 8, 2011, and December 28, 2011, the objective medical evidence did not support his claims; that his treatment had been "relatively conservative in nature;" and that he had "made inconsistent statements regarding his work history." (TR 23-24). Additionally, the ALJ discussed Plaintiff's daily activities:

> In analyzing the credibility of the claimant's subjective complaints, the first factor considered was his daily activities. At the hearing, the claimant first indicated that he performed few activities of daily living. However, the medical evidence indicated that the claimant performed a much wider array of such activities of daily living. The claimant reported he could prepare simple meals, take care of his personal care

---

[1] The final paragraph of this analysis references "Tracy Washington" and a "Ms. Williams" instead of Plaintiff, Mr. Gregory Williams. The final page of Plaintiff's Brief references "Tracy Washington." (Docket no. 8 at 11.) Notably, 17 days before he filed Plaintiff's Brief in this matter, Plaintiff's counsel filed a nearly identical brief in a matter related to Ms. Washington. *See Washington v. Comm. Soc. Sec.*, No. 13-14083, Dkt. No. 9 (E.D. Mich. Jan. 23, 2014).

10

> needs, and help care for his children. Further, he was able to drive a car, play chess, and work as a janitor. Thus, this testimony, when coupled with the claimant's daily activities, suggests that testimony about performing a variety of activities without difficulty is consistent with the longitudinal medical record indicating only moderate symptoms, and therefore is consistent with the above [RFC] and his ability to work.

(TR 24-25.) There is substantial evidence in support of the ALJ's decision. And where the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *Kinsella*, 708 F.2d at 1059, and even if substantial evidence also supports the opposite conclusion. *See Her,* 203 F.3d at 389-90.

### 3. Waiver and Sanctions

The undersigned has carefully examined Plaintiff's counsel's submission and finds it thoroughly deficient and devoid of proper factual substance and legal analysis. Plaintiff's counsel's superficial, cut-and-paste, template approach to fulfilling his professional duty to substantively brief the issues presented for this Court's most serious consideration and determination fails to comply with all accepted rules of civil pleading and practice in this District. The Court acknowledges that counsel may reduce costs and improve efficiency by using and inserting previously generated work product, such as any relevant applicable legal standards and specific rules. But Plaintiff's counsel's repeated failure to set forth factually specific, discernable, sound legal analyses in his briefing to this Court compels the waiver of any such arguments. *See Kennedy v. Comm'r of Soc. Sec.*, 87 Fed.Appx. 464, 466 (6th Cir. 2003) ("[I]ssues which are 'adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.'" *United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir.1996)). The "'court is under no obligation to scour the record for errors not identified by [the] claimant.'" *Bush v. Astrue*, No. 12-11790, 2013 WL 1747807, *14 (E.D. Mich. Jan 25, 2013) (Grand, M.J.) (quoting *Martinez v. Comm'r of Soc. Sec*., No. 09-13700 (E.D. Mich. Mar. 2, 2011)). Therefore, Plaintiff's Motion should be denied.

As Chief Judge Rosen noted in *Fielder*, this is not the first time the Court has denied a motion filed by Plaintiff's counsel for "reliance on conclusory assertions and absence of developed argument;" indeed, "nearly every Magistrate Judge in this District has expressed this concern with the work product of Plaintiff's counsel." 2014 WL 1207865, at *1 n.1 (collecting cases). Moreover, the Court warned Plaintiff's counsel that "this Court will carefully examine his submissions in future suits to ensure that they advance properly supported arguments that rest upon (and cite to) the facts of a particular case" and that failure to do so may result in either sanctions or referral for disciplinary proceedings. *Id.* Nevertheless, any consideration of an award of sanctions against Plaintiff's counsel in this case would be inappropriate as the instant Motion was filed prior to Chief Judge Rosen's decision in *Fielder*.

## VI. CONCLUSION

For the reasons stated herein, the undersigned recommends that Plaintiff's Motion for Summary Judgment (Docket no. 8) be DENIED and that Defendant's Motion for Summary Judgment (Docket no. 10) be GRANTED.

### REVIEW OF REPORT AND RECOMMENDATION

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991);

*Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.


Dated: October 7, 2014           s/ Mona K. Majzoub
                                 MONA K. MAJZOUB
                                 UNITED STATES MAGISTRATE JUDGE



### PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: October 7, 2014            s/ Lisa C. Bartlett
                                  Case Manager